IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-31076
Summary Calendar

_____

HOUSTON McMANUS,

Petitioner-Appellant,

versus

MIKE GILLIAM, Warden, Winn Correctional Center

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

(97-CV-678)
May 28, 1998

Before JOHNSON, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Houston McManus, Louisiana prisoner #319024, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court granted a certificate of appealability (COA) on the issue of the sufficiency of the evidence supporting McManus's forcible rape conviction.

In his appellate brief, McManus does not address the sufficiency of the evidence issue. Because he failed to address

* Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

this issue, McManus has abandoned the only issue before this court. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). However, after a careful review of the record, we find that even if McManus had adequately briefed the issue, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the forcible rape offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

For the first time on appeal, McManus argues that the prosecution withheld the results of various tests in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). McManus contends that the results of these tests were exculpatory. McManus also contends that the district court erred in denying his § 2254 petition without first obtaining the results of the tests. Because the district court did not grant a COA for either of these issues, these issues are not reviewable on appeal. See 28 U.S.C. § 2253(c)(1); Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

APPEAL DISMISSED.